## UNITED STATED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JASON WALTER LOVISON, INDIVIDUALLY AND AS NEXT OF FRIEND OF KAYLEE LOVISON AND TYLER LOVISON, MINORS; AND DARLENE LOVISON | § § § § § § | |
| Plaintiffs, | § § | |
| | § | CIVIL ACTION NO.: _____ |
| v. | § | |
| | § | DEMAND FOR JURY TRIAL |
| PATRICK LANGHAM GLEASON, MD; NORCENTEX NEOCORTEX, PLLC | § § | |
| | § § | |
| Defendants. | § § | |

### PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

COMES NOW Jason Lovison, Individually, and as next of friend of Kaylee Lovison and Tyler Lovison, minors, and Darlene Lovison ("Plaintiffs"), and files this Original Complaint complaining of Patrick Langham Gleason, M.D and Norcentex Neocortex, PLLC. In support thereof, Plaintiffs respectfully show the Court:

### I.

### JURISDICTION AND VENUE

1.1.    The basis for this Court's jurisdiction is 28 USC § 1332; diversity jurisdiction. Plaintiff is a resident of the State of Washington. Defendant Gleason is a resident of Nueces County, Texas. Corporate Defendant Norcentex Neocortex, PLLC is incorporated in Texas and has its principal place of business in Nueces County, Texas. The acts of omissions of negligence

occurred in the Northern District of Texas, specifically Wichita County, Texas. This case involves an amount in controversy exceeding $75,000.

1.2.    Plaintiffs sent notice letters to Defendants in order to comply with Tex.Civ.Prac.&Rem.Code Chapter 74.

## II.

## PARTIES

2.1.    Plaintiffs are individuals residing at 35616 30th Avenue South, Federal Way, King County, WA 98003.

2.2.    Patrick Langham Gleason, MD is a (hereinafter referred to as "Dr. Gleason") is an individual residing in Nueces County, Texas, and may be served with citation via CMRRR at 322 Glenmore Street, Corpus Christi, Texas 78412.

2.3.    Norcentex Neocortex PLLC can be served with process at 322 Glenmore Street, Corpus Christi, Texas 78412 and can be served with process at the above address by serving its registered agent for service of process, Patrick Langham Gleason, MD.

## III.

## FACTS

3.1.    On April 27, 2012, Defendants performed spinal surgery on Plaintiff, 38-year old United States Air Force Master Sergeant Jason Lovison, to remove herniations in two spinal discs. The surgery took place in Wichita County, Texas. When the herniations were removed, and unbeknownst to MSgt. Lovison, Defendants used a medical device to close the holes in the discs' annular tissue with Xclose tension bands – a medical device that was not approved for such use. The Xclose tension bands failed and/or caused scar tissue to form at the adjacent nerve roots resulting in permanent damage and disability. As a result of this, MSgt. Lovison can no

**PLAINTIFFS' ORIGINAL COMPLAINT - Page 2**

longer continue as a member of the US Air Force and lost income and retirement benefits, and suffered the other damages described below.

## IV.

### PRINCIPAL/AGENCY

4.1.     At all times material hereto, Dr. Patrick Gleason was acting, not only in his individual capacity, but also as an agent, representative, and/or employee of Norcentex Neocortex, PLLC and acting within the scope of such agency/employment.  Under the doctrines of agency and *respondeat superior*, Defendants are jointly and severally liable for the acts and omissions of Dr. Gleason.

## V.

### CAUSE OF ACTION

5.1.     As a result of the matters described in section III above, Defendants fell below the applicable standards of medical care in their treatment of Mr. Lovison.  Such amounts to negligence and gross negligence. As a direct and proximate cause of same, MSgt. Lovison has permanent injuries and damages.

5.2.     As a result of the matters described in section III above, Defendants failed to obtain informed consent from MSgt. Lovison prior to placing Xclose tension bands in his spine. They neither informed Lovison that such device was to going be used on him nor did they inform him that such device was not approved for annular closures.  Had MSgt. Lovison been informed of the nature of the device he would have refused to allow its use, more likely than not.

## VI.

## DAMAGES

6.1.     As a proximate result of the acts or omissions described above, singularly and collectively, MSgt. Lovison suffered severe and permanent damage to his spine and is now permanently disabled. He suffers from severe pain and disability, disfigurement, physical impairment, medical expenses, emotional suffering, loss of consortium with spouse and children, lost income, lost retirement/pension benefits and lost future earnings capacity.  Likewise, Darlene Lovison has suffered emotional damage and lost consortium as well as pecuniary losses. Their children, Kaylee and Tyler, have suffered emotional harm and lost parental consortium, as well as pecuniary losses. All such damages are sought for recovery herein. The damages resulting from Defendants' negligence and gross negligence is in the amount of $1,700,000.

## VII.

## JURY DEMAND

7.1.     Plaintiffs demand a trial by jury.

FOR THESE REASONS, Plaintiffs respectfully pray that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of this Court; exemplary damages, excluding interest, and as allowed by Tex.Civ.Prac.& Rem. Code § 41.008, together with pre-judgment interest (from the date of injury through the date of judgment)

at the maximum rate allowed by law; post-judgment interest at the maximum legal rate, costs of court; and such further relief to which Plaintiffs are justly entitled.

Respectfully submitted,

**THE GIRARDS LAW FIRM**

/s/ James E. Girards

_____

James E. Girards, SBN: 07980500
10,000 N. Central Expressway, Suite 400
Dallas, Texas 75231
Telephone 214.346.9529
Facsimile 214.346.9532
jim@girardslaw.com

**ATTORNEYS FOR PLAINTIFFS**