IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON WALTER LOVISON, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:14-cv-1517-P |
| | § | |
| PATRICK LANGHAM GLEASON, M.D., | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendants Patrick Langham Gleason, M.D. and Norcentex Neocortex, PLLC (collectively, "Defendants") have filed a Motion for Sanctions, seeking an order sanctioning counsel for Plaintiff Jason Walter Lovison and Darlene Lovison under Federal Rule of Civil Procedure 37(d). *See* Dkt. No. 24. Chief Judge Jorge A. Solis has referred the motion to the undersigned United States magistrate judge for determination, pursuant to 28 U.S.C. § 636(b) and an order of reference. *See* Dkt. No. 25. Plaintiff has filed a response, *see* Dkt. No. 26, and Defendants have filed a reply, *see* Dkt. No. 27.

The Court GRANTS Defendants' Motion for Sanctions [Dkt. No. 24] for the reasons and to the extent explained below.

**Background**

The following facts are undisputed.

Plaintiff filed this medical liability action alleging that Dr. Gleason was

negligent in performing spinal surgery on Plaintiff on April 27, 2012. *See* Dkt. No. 1.

After some communications between the parties' counsel or counsel's staff in November and December 2014 regarding scheduling the depositions of Jason and Darlene Lovison and Dr. Joel Hoekema, Mr. Lovison's subsequent treating physician, Defendants served Plaintiffs' counsel on January 7, 2015 with notices for the depositions of Jason Walter Lovison, Darlene Lovison, and Dr. Joel Hoekema. *See* Dkt. Nos. 24-1, 24-2, 24-3, & 24-4. Defendants noticed Jason Walter Lovison's and Darlene Lovison's depositions for Friday, February 6, 2015 at 10:00 a.m. and 1:00 p.m., respectively, at the Hilton Seattle Airport in Seattle, Washington and Dr. Hoekema's deposition for Monday, February 9, 2015 at 10:00 a.m. at the Northgate Community Center in Seattle, Washington. *See* Dkt. Nos. 24-2, 24-3, & 24-4.

On the morning of February 6, 2015, after Defendants' counsel had already traveled to Seattle, Washington, Plaintiffs' counsel sent Defendants' counsel an email stating: "I just notice[d] that the notices you [sent] over have it backwards (Hoekema Monday). Please call ASAP…." Dkt. No. 24-5. Plaintiffs' counsel never objected to the notices, filed a motion to quash, or contacted Defendants' counsel prior to this time to arrange an alternate deposition schedule.

When counsel spoke by phone after Plaintiffs' counsel sent this early-morning email, Plaintiffs' counsel attempted to reschedule the depositions, stating that Dr. Hoekema was only available on February 6, 2015, that Plaintiffs would not be available for their depositions on February 6 but could be deposed on February 9, and that there was miscommunication on the date for Dr. Hoekema's deposition. Defendants' counsel

refused to take Dr. Hoekema's on February 6, in advance of Plaintiffs' depositions, and no depositions were taken on February 6, 2015.

At 10:00 a.m. on February 6, 2015, Defendants' counsel made a record with the court reporter of Plaintiffs' failure to appear that day for their depositions at the noticed location for the depositions, which resulted in the court reporter's issuing the following Affidavit of Nonappearance:

> I, John M.S. Botelho, Certified Court Reporter in and for the State of Washington, do hereby certify, to the following facts, to wit:
> That on the 7th day of January, 2015, an Amended Notice of Intention to Take Oral Deposition and Subpoena Duces Tecum was forwarded by certified mail, return receipt requested, to Plaintiffs' counsel of record, Mr. James E. Girards, to take the Oral Depositions of JASON LOVISON and DARLENE LOVISON in the above-styled cause;
> That on the 6th day of February, 2015, at 10:00 a.m., I personally appeared at the Hilton Seattle Airport, located at 17620 International Boulevard, Seattle, Washington, for the purpose of reporting the Oral Depositions of the witnesses on behalf of the Defendants, pursuant to said Notices, and that Counsel for the Defendants, Ms. Svatek, also appeared;
> That at 10:00 a.m., on February 6, 2015, the following statements were entered into the record;
>
> MS. SVATEK: My name is Caleena Svatek, and I'm here on behalf of Defendants Patrick Langham Gleason, M.D., and Norcentex Neocortex, PLLC. I'm here today to take the deposition of Jason Walter Lovison and Darlene Lovison, both Plaintiffs in the – in this lawsuit. The Deposition Notice was sent to Plaintiffs' counsel on January 7th, 2015. In that Notice, we agreed to meet on February 6, 2015, at the Hilton Seattle Airport, address 17620 International Boulevard, in Seattle, Washington, at 10 a.m.
> At this time, I am here at the Hilton Seattle Airport. It is 10 a.m., and Plaintiffs' counsel is not present, as well as both Plaintiffs in this lawsuit. I would like to get a Certificate of Nonappearance.
> I received a phone call this morning from Plaintiffs' counsel, Jim Girards, just a few hours before this scheduled deposition. He informed me that he read the Notice incorrectly and Mr. and Mrs. Lovison would not be here today but could have their deposition taken on Monday.

-3-

>Plaintiffs' counsel attempted to have the treating physician, Dr. Hoekema – his deposition is scheduled for Monday. He attempted to have that deposition taken today instead, which is out of order of the witnesses, as well as not noticed or previously agreed to. Defense counsel was not prepared to take the deposition of the treating physician out of order and believes that his – that my clients are entitled to an adequate defense, and that vital to this defense is to know the Plaintiffs' allegations prior to taking any deposition of any physician that has treated Plaintiff in this case.
>Plaintiffs' counsel attempted to thwart this entire process by switching the order of the depositions at the very last minute. Defense counsel will be seeking attorney's fees and expenses for the time wasted by Plaintiffs' counsel in not appearing at this deposition today as previously scheduled.
>I'm going to enter into evidence or as exhibits Defendants' 1, which is the Deposition Notice of Jason Walter Lovison, and Defense Exhibit 2, the Deposition Notice for Darlene Lovison.
>
>That I remained at the place aforesaid until 10:03 a.m., at which time the witnesses had not appeared.

Dkt. No. 24-6.

Jason Walter Lovison's and Darlene Lovison's depositions were conducted on February 9, 2015.

Plaintiffs' counsel also made Dr. Hoekema available for deposition at 4:00 p.m. on February 9, 2015. But Defendants' counsel refused to proceed with Dr. Hoekema's deposition at that time because Defendants' counsel had obligations in Dallas, Texas on February 10, 2015, which would not allow time to take the deposition and return to Dallas that night. At 9:41 a.m. on February 9, 2015, Defendants' counsel made a record with the court reporter of Dr. Hoekema's failure to appear that day for his deposition at the noticed location for the deposition, which resulted in the court reporter's issuing the following Affidavit of Nonappearance:

> I, John M.S. Botelho, Certified Court Reporter in and for the State of Washington, do hereby certify, to the following facts, to wit:
>
> That on the 7th day of January, 2015, a Notice of Intention to Take Oral Deposition and Subpoena Duces Tecum was forwarded by certified mail, return receipt requested, to Plaintiffs' counsel of record, Mr. James E. Girards, to take the Oral Deposition of JOEL HOEKEMA, M.D., in the above-styled cause;
>
> That on the 9th day of February, 2015, at 9:41 a.m., I personally appeared at the Northgate Community Center, located at 10510 Fifth Avenue Northeast, Seattle, Washington, for the purpose of reporting the Oral Deposition of the witness on behalf of the Defendants, pursuant to said Notice, and that Counsel for the Plaintiffs, Mr. Girards, and Counsel for the Defendants, Ms. Svatek, also appeared;
>
> That at 9:41 a.m., on February 9, 2015, the following statements were entered into the record;
>
> MS. SVATEK: My name is Caleena Svatek. I am defense Counsel. I want to first start with entering a Certificate of Nonappearance for Dr. Joel Hoekema. He was scheduled to appear here at the Northgate Community Center, in Seattle, Washington, at 10 a.m.
>
> Plaintiffs' counsel notified me Friday morning that he would not be attending today per the Deposition Notice. Instead, we are going to take the depositions of Plaintiffs Jason Walter Lovison and Darlene Lovison, not in accordance with the Deposition Notice. And I will enter Defense Exhibit 1, which is the Deposition Notice of Dr. Hoekema.
>
> MR. GIRARDS: And this is Jim Girards, Counsel for Plaintiffs. We had understood Dr. Hoekema was scheduled on Friday, but apparently due to some miscommunication, he was noticed for today. I offered to make Dr. Hoekema available today at 4 p.m., which offer was declined by Defense Counsel. That's it.
>
> That I remained at the place aforesaid until 1:48 p.m., at which time the witness had not appeared.

Dkt. No. 24-7.

On April 7, 2015, Defendants' counsel sent Plaintiffs' counsel a letter asking for Plaintiffs' counsel "to pay for defense counsel's time wasted in Seattle over the long weekend you chose to conduct these depositions and for the return travel and time spent by counsel to take Dr. Hoekema's deposition as soon as you provide us with

available dates." Dkt. No. 24-8. Plaintiffs' counsel had not responded to the letter prior to Defendants' filing their Motion for Sanctions on April 29, 2015.

As of the filing of the reply in support of Defendants' Motion for Sanctions, Dr. Hoekema had not yet been deposed.

Beyond this, the parties part ways as to the facts.

Defendants assert that Plaintiffs' counsel had agreed to February 6 and 9 as the dates for these depositions and that the order of witnesses to be presented for deposition was agreed upon in advance of traveling to Seattle to take the depositions. *See* Dkt. No. 24 at 2; Dkt. 24-8. The email correspondence on which Defendants rely consists of emails between Defendants' counsel and Plaintiff's counsel's administrative assistant. *See* Dkt. No. 24-1. The emails reflect an understanding that Plaintiffs' counsel wanted to have the depositions taken on a Friday and the following Monday and to have Plaintiffs' and Dr. Hoekema's depositions taken in a single trip and that Plaintiffs' counsel's assistant suggested the February 6 and 9, 2015 dates. *See id.* But no communications in these emails reflect either that Defendants would want to depose Jason Walter Lovison and Darlene Lovison on a Friday and Dr. Hoekema on the following Monday or that Dr. Hoekema would only be available for his deposition on a Friday. *See id.*

Defendants' counsel also argues that Defendants have the right to take the deposition of Plaintiff Jason Lovison first to elicit his complaints about the care rendered, that Defendants' counsel rightfully refused the last-minute change to the deposition schedule that had been set for a month, and that, as a result of Plaintiffs'

-6-

improper conduct, the depositions of the Plaintiffs were not conducted on February 6, 2015 and that the deposition of Dr. Hoekema has still not taken place and will now require another trip to Seattle, Washington to conduct the deposition. *See* Dkt. No. 24 at 3-5; Dkt. 24-8.

Plaintiffs' counsel reports that he instructed his staff to schedule Dr. Hoekema's deposition for Friday, February 6, 2015, which is the day that Dr. Hoekema said he was available, and to schedule Plaintiffs' depositions for the following Monday; that Plaintiffs' counsel understood that the depositions had been scheduled in this fashion and assumed that the notices were prepared per that arrangement; and that Plaintiffs' counsel traveled to Bellingham, Washington, Thursday evening, February 5, 2015 and checked into a local hotel in anticipation of Dr. Hoekema's deposition the next morning. Plaintiffs' counsel asserts that he did not agree to conduct the depositions of Plaintiffs on Friday and of Dr. Hoekema on Monday and that this apparently was simply an assumption on Defendants' counsel's part, where Dr. Hoekema is only available on Fridays for depositions, according to Dr. Hoekema's office. Plaintiffs' counsel reports that, early Friday morning, February 6, 2015, he learned that Defendants not only noticed the depositions incorrectly but noticed Dr. Hoekema's deposition to take place 90 miles from his office and that, as soon as he realized that Defendants noticed the depositions incorrectly, he contacted Defendants' counsel by phone.

Plaintiffs' counsel contends that it has yet to be explained why Defendants' counsel took a certificate of nonappearance for Plaintiffs' depositions on February 6 after she agreed to conduct their depositions on Monday, February 9, 2015; that, since


Defendants' counsel actually deposed Plaintiffs on this trip, the only issue is Dr. Hoekema's deposition; that why Defendants' counsel complains about the failure to depose Dr. Hoekema on this trip when she refused to depose him on either Friday, February 6 or Monday, February 9, 2015 is not explained, where Dr. Hoekema was ready, willing, and able to be deposed all day on Friday, February 6 or on Monday, February 9, 2015, starting at 4:00 p.m. Plaintiffs' counsel reports that he offered to accommodate Defendants' counsel's needs to the best of his ability once he realized that Dr. Hoekema was noticed for February 9 and Plaintiffs for February 6 but that all offers were refused except that Plaintiffs' depositions were actually conducted by agreement on Monday, February 9.

Defendants' counsel replies that, "[t]o suggest to this court, as Plaintiffs have, that Defendants noticed the depositions incorrectly is simply wrong" and that "[n]ot once in the back and forth conversations did Plaintiffs' counsel ever indicate that Dr. Hoekema's deposition would occur prior to Plaintiffs' deposition." Dkt. No. 27 at 2. Defendants contend that "[o]ne would assume, especially with Plaintiffs' counsel's experience, that in order to prepare a proper defense, it is imperative for Defendants' counsel to first learn of all of Plaintiffs' allegations and damages prior to a cross-examination of Plaintiffs' treating physician and expert in this litigation." *Id.* at 2-3. Defendants assert that Plaintiffs have provided no reason as to why they did not appear for their depositions on February 6, 2015; that, because Defendants' counsel had already traveled over 2,000 miles and Plaintiffs failed to appear on February 6, 2015, Defendants' counsel's only reasonable choice was to take Plaintiffs' depositions

on February 9, 2015, where a court reporter and venue had already been reserved and Plaintiffs' counsel stated that Dr. Hoekema would not appear for his deposition; and that failure to properly read the deposition notices is not "substantial justification" for not appearing for a properly-noticed deposition. Defendants further argue that Plaintiffs' counsel's offer to take Dr. Hoekema's deposition immediately after Plaintiffs' deposition is not sufficient to avoid sanctions, where Defendants' counsel had already arranged for travel out of Seattle, Washington on February 9, 2015 and needed to return to Dallas, Texas before February 10, 2015 to conduct previously scheduled business unrelated to this matter, and that to request Defendants' counsel to spend more time in Seattle, Washington, pay the expense to alter travel reservations, and reschedule other unrelated business after having already been in Seattle for three days is unreasonable.

In their Motion for Sanctions, Defendants request that this Court issue an order under Federal Rule of Civil Procedure 37(d) requiring Plaintiffs' counsel to pay for the fees and expenses associated with the wasted time spent in Seattle, Washington for the cancelled depositions and for the fees and expenses associated with the additional trip to Seattle that will be required to depose Dr. Hoekema. *See* Dkt. No. 24 at 5, 7; *see also* Dkt. No. 27 at 4 ("As a result of Plaintiffs' and Dr. Hoekema's failures to attend their depositions as noticed and Plaintiffs' counsel's lack of substantial justification for their non-appearance, Defendants respectfully request that this Court grant Defendants' Motion for Sanctions and order Plaintiffs to pay for the expenses, fees, and costs associated with taking Dr. Hoekema's deposition.").

**Legal Standards**

Federal Rule of Civil Procedure 37(d) provides that "[t]he court where the action is pending may, on motion, order sanctions if: (I) a party or a party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A). "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under [Federal Rule of Civil Procedure] 26(c)." *Id.* 37(d)(2). Under Rule 37(d), "[s]anctions may include any of the orders listed in [Federal Rule of Civil Procedure] 37(b)(2)(A)(I)-(vi)," and, "[i]nstead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* 37(d)(3).

**Analysis**

As a preliminary matter, Plaintiffs contend that Rule 37(d) does not apply to the factual circumstances here because it is limited to a party's failure to attend its own deposition. Plaintiff argues that Plaintiffs were deposed on Monday, February 9, 2015 and so Rule 37(d) does not apply to them and that Dr. Hoekema is not a party to this case, is not an officer, director, or managing agent of a party, and was never "served" with a notice, and so Rule 37 does not apply to Dr. Hoekema's deposition in any manner whatsoever.

Plaintiffs are correct that the law is far from settled, in this jurisdiction or elsewhere, on whether Rule 37(d) applies to a non-party witness, including expert witnesses. *Compare Gen. Ins. Co. of Am. v. E. Consol. Utils., Inc.*, 126 F.3d 215, 220 n.3 (3d Cir. 1997) ("Moreover, on its face, Rule 37d) applies only to parties."); *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 & n.4 (9th Cir. 1983) ("The only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a subpoena duces tecum is Rule 45(f). .... Similarly, Rule 37(d), which authorizes an award, is inapplicable because it addresses only a party's failure to appear at his own deposition."); *S.H. ex rel. Holt v. U.S.*, No. CIV. S–11–1963 LKK DAD, 2013 WL 6086775, at *5 (E.D. Cal. Nov. 19, 2013) ("The government also relies on Rule 37(d) to exclude the evidence from plaintiffs' experts. That provision addresses the failure to appear for depositions of the party itself, and has nothing to do with expert depositions (or the depositions of any other non-party)...."); *Bayer Schering Pharma AG v. Watson Pharms., Inc.*, Nos. 2:07-CV-01472-KJD-GWF & 2:08-CV-00995-KJD-GWF, 2012 WL 1079574, at *12 (D. Nev. Mar. 30, 2012) ("Defendants argue that the scope of Rule 37(d) should be extended beyond its plain language so that a party could be sanctioned for the failure of a non-party to appear at his deposition. However, Defendants rely solely on non-binding district court cases from other circuits. Defendants ask this Court to interpret the word 'party' in Rule 37(d) to include 'non-party.' District courts in this jurisdiction and elsewhere have recognized that the Ninth Circuit interprets Rule 37(d) strictly. Given the literal interpretation the Ninth Circuit gives to the term 'fails ... to appear' in Rule 37(d), it

follows that a similarly strict construction of the term 'party' is appropriate under Ninth Circuit law."), *with In re Bear Stearns Cos., Inc. Secs., Derivative, and ERISA Litig.*, ___ F. Supp.3d ____, 2015 WL 3542269, at *6 (S.D.N.Y. June 5, 2015); *Taylor v. Hart*, No. 1:02-cv-446, 2007 WL 1959211, at *1-*2 (S.D. Ohio June 29, 2007); *24 Hour Fitness U.S.A., Inc. v. 24/7 Tribeca Fitness, L.L.C.*, No. 03 Civ. 4069(RLE), 2006 WL 1881763 (S.D.N.Y. July 6, 2006).

The Court notes that, "before being compelled to testify, [a non-party] must be served with a subpoena pursuant to Federal Rule of Civil Procedure 45." *Karakis v. Foreva Jens Inc.*, No. 08-61470, 2009 WL 113456, at *1 (S.D. Fla. Jan. 19, 2009) (citing authorities). But "[a] party need not comply with Rule 45 and issue a subpoena if a non-party will consent to having his deposition taken by notice alone." *Morawski v. Farmers Tex. Cty. Mut. Ins. Co.*, No. 3:14-mc-21-D-BN, 2014 WL 717170, at *1 (N.D. Tex. Feb. 25, 2014). Here, Plaintiffs' counsel apparently had the ability to make, or at least facilitate making, non-party Dr. Hoekema available for his deposition, where only a notice to Plaintiffs' counsel was issued and yet Dr. Hoekema apparently was available to be deposed on February 6 or at 4:00 p.m. on February 9.

But Rule 37(d), by its terms, is limited to providing for sanctions for the non-appearance of a party, a party's officer, director, or managing agent, or a person designated under Rule 30(b)(6) or 31(a)(4). And, in reply, Defendants do not press – at least not seriously – the position that Rule 37(d) would apply to Dr. Hoekema's failure to appear. *See* Dkt. No. 27 at 3 ("Federal Rule of Civil Procedure Rule 37(d)(1)(A) is relevant to this situation as Plaintiffs did not appear for their deposition as properly

noticed. The Rule is abundantly clear that the Court may order sanctions if a party fails to appear for that person's deposition after being served with written notice."). Under the circumstances, the Court denies the request for sanctions under Rule 37(d) in connection with Dr. Hoekema's nonappearance for his noticed deposition at 10:00 a.m. on February 9, 2015.

The Court further determines that the parties' disagreement over whether they agreed in advance on the order of witnesses for depositions is ultimately immaterial. There is no dispute that Defendants noticed the depositions of Plaintiffs on February 6 and that Plaintiffs were properly served with those notices, by mail, on January 7, 2015. And Jason Walter Lovison and Darlene Lovison did not appear at the noticed times of their depositions.

Plaintiffs Jason Walter Lovison and Darlene Lovison violated Rule 37(d) by failing to appear for their properly-noticed depositions on February 6, 2015 at 10:00 a.m. and 1:00 p.m., respectively. That Plaintiffs' counsel believed the notices set – or should have set – different dates and times does not make that failure substantially justified under Federal Rule of Civil Procedure 37(d)(3). There is no evidence that Plaintiffs' counsel or his staff told Defendants' counsel that Dr. Hoekema could only be deposed on Friday, February 6, and, even if there were, the witnesses were properly noticed for their depositions at least 30 days in advance, and there is no inference to be drawn from the evidence other than that Plaintiffs' counsel failed to carefully review those notices in advance of the morning of Plaintiffs' noticed depositions.

That leaves only the matter of whether other circumstances make an award of

expenses unjust under Federal Rule of Civil Procedure 37(d)(3) and, if not, what an appropriate sanction would be.

Plaintiffs' counsel contends that "[b]eing a lawyer is difficult enough, and complex medical malpractice cases are hard enough, that when mistakes and miscommunications occur from time to time – as they inevitably do – counsel should not be sprinting to the courthouse to seek sanctions and attorneys' fees," which "should be reserved solely for when genuine misconduct actually occurs." Dkt. No. 26 at 4.

Plaintiffs' counsel appears to have acted in good faith and appropriately when working to remedy or mitigate the situation as best he could on February 6, 2015. But the Court cannot find that the cost of Plaintiffs' counsel's not reviewing the deposition notices until the last possible moment before the scheduled depositions – where the notices were served on Plaintiffs' counsel a month earlier – should be borne by Defendants' counsel. Even accepting Plaintiffs' contention that this was an innocent mistake resulting from some miscommunication, Jason Walter Lovison's and Darlene Lovison's failures to appear for their properly-noticed depositions had real economic consequences for Defendants, and the Court finds that, as between Plaintiffs' counsel and Defendants, it would be unjust for Defendants or their counsel to bear the expenses caused by Plaintiffs' failure to appear on February 6 as noticed. *See generally Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990) ("A failure to provide discovery need not be willful in order to trigger Rule 37(d) sanctions. [I]n view of the possibility of light sanctions, even a negligent failure should come within Rule 37(d)." (internal quotation marks omitted)).

That Jason Walter Lovison and Darlene Lovison were deposed on Monday, February 9 does not change this analysis. *See Martinez v. Nieman Marcus Group*, No. 3:05-cv-422-P, 2005 WL 2179137, at *1-*5 (N.D. Tex. Sept. 7, 2005). Jason Walter Lovison's and Darlene Lovison's lack of availability on Friday, February 9 and their resulting rescheduled depositions on Monday, February 9 precluded Defendants' taking Dr. Hoekema's deposition as noticed that same day. That Dr. Hoekema also apparently was unavailable in any event at 10:00 a.m. on February 9 makes no difference to this analysis. Defendants are entitled to take these depositions in the order in which they properly noticed them, and, while not itself a basis for Rule 37(d) sanctions here, Dr. Hoekema's own lack of availability, if anything, compounds, not mitigates, the problems that Plaintiffs' counsel's failure to review the deposition notices created. Likewise, Defendants should not be penalized for their counsel's refusal to take Dr. Hoekema's deposition at 4:00 p.m. on February 9, which would have required counsel to incur yet more expenses in rescheduling a return flight to Dallas and incurring another night of hotel expenses.

Under all of the circumstances, the Court finds that, under Rule 37(d), Plaintiffs' counsel should be required to pay Defendants Patrick Langham Gleason, M.D. and Norcentex Neocortex, PLLC the reasonable expenses, including attorney's fees, caused by the failure of Plaintiffs Jason Walter Lovison and Darlene Lovison to appear for their properly-noticed depositions on February 6, 2015 at 10:00 a.m. and 1:00 p.m., respectively. Those expenses are limited to the cost of Defendants' counsel's hotel stay on February 5, 6, and 7, 2015 (where Defendants' counsel had already traveled to

Seattle before learning there would be no deposition as properly noticed on February 6, 2015); any attorneys' fees that Defendants incurred in connection with Defendants' counsel's efforts on February 6, 2015 to reschedule Plaintiffs Jason Walter Lovison's and Darlene Lovison's depositions to February 9, 2015 and to then make a record with the court reporter of Plaintiffs' failure to appear that day for their properly-noticed depositions; the expenses incurred for the previously-reserved court reporter and venue for Plaintiffs' depositions on February 6, 2015; and the expenses that Defendants' counsel will incur for airfare, ground transportation, and hotel stays in traveling to Washington for the deposition of Dr. Hoekema that was not accomplished on February 9, 2015 at 10:00 a.m., as noticed on January 7, 2015.

Defendants may file an application for their reasonable expenses as described above. But Northern District of Texas Local Civil Rule 7.1 requires that parties confer before filing an application for attorneys' fees. Plaintiffs' counsel and Defendants' counsel are therefore directed to meet face-to-face and confer about the reasonable amount of these attorneys' fees and costs to be awarded under Federal Rule of Civil Procedure 37(d). This face-to-face requirement is not satisfied by a telephonic conference. Any attorney refusing to appear for this meeting or to confer as directed will be subject to sanctions. By no later than **July 17, 2015**, the parties must file a joint status report notifying the Court of the results of the conference. If all disputed issues as to the amount of reasonable expenses to be awarded to Defendants have been resolved, Defendants must also, by **July 17, 2015**, send an agreed proposed order to the Court at Horan_Orders@txnd.uscourts.gov.

If the parties do not reach an agreement as to the amount of attorneys' fees and costs to be awarded to Defendants, Defendants may, by no later than **July 24, 2015**, file an application for attorneys' fees and costs that is accompanied by supporting evidence establishing the amount of the attorneys' fees and costs (as described above) to be awarded under Rule 37(d). The fee application must be supported by documentation evidencing the "lodestar" calculation, including affidavits and billing records, and citations to relevant authorities and shall set forth the number of hours expended in connection with the recoverable attorneys' fees described above as well as the reasonable rate(s) requested. *See Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002) (using the "lodestar" method to award attorney's fees under Rule 37).

If an application is filed, Plaintiffs may file a response by **August 14, 2015**, and Defendants may file a reply by **August 28, 2015**.

## Conclusion

Defendants' Motion for Sanctions [Dkt. No. 24] is GRANTED for the reasons and to the extent explained above.

SO ORDERED.

DATED: June 26, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE