IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON WALTER LOVISON, | § | |
| Individually and as Next Friend of | § | |
| KAYLEE LOVISON and TYLER | § | |
| LOVISON, Minors, and DARLENE | § | |
| LOVISON, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-1517-K |
| | § | |
| PATRICK LANGHAM GLEASON, M.D, | § | |
| and NORCENTEX NEOCORTEX, PLLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Patrick Langham Gleason, M.D. and Norcentex Neocortex, PLLC's Motion for Summary Judgment (Doc. No. 56). After careful consideration of the motion, response, reply and surreply, the appendices, objections to summary judgment evidence, the applicable law, and the relevant portions of the record, the Court **GRANTS in part and DENIES in part** the motion. The Court determines that genuine issues of material fact are presented by the summary judgment record as to Defendant Patrick Langham Gleason, M.D.; therefore, it would be inappropriate at this stage of the proceedings to enter judgment as a matter of law. The summary judgment motion is **denied** as to Defendant

Patrick Langham Gleason, M.D.  For the following reasons, the Court **grants** the summary judgment motion as to Defendant Norcentex Neocortex, PLLC.

I.      **Factual Background**

Plaintiff Jason Walter Lovison ("Mr. Lovison") was a Master Sergeant in the United States Air Force.  Mr. Lovison consulted Defendant Patrick Langham Gleason, M.D. ("Dr. Gleason") for back pain in December 2011.  Dr. Gleason initially prescribed medication, but when Mr. Lovison's back pain did not improve, Dr. Gleason recommended surgery.  On April 27, 2012, Dr. Gleason performed surgery, a lumbar microdiscectomy, on Mr. Lovison at Kell West Regional Hospital in Wichita Falls, Texas.  Prior to the surgery, Mr. Lovison signed consent forms.  At some point after the surgery, Dr. Gleason informed Mr. Lovison that he had implanted the Anulex Xclose band in Mr. Lovison's back.  Hospital records for Mr. Lovison's surgery contain an "Implant/Explant Log" which indicated that the Anulex Xclose band was implanted into Mr. Lovison's spine.  Prior to surgery, Mr. Lovison was not informed that Dr. Gleason would be implanting the Anulex Xclose band.  Mr. Lovison also did not consent to the Anulex Xclose band being implanted into his spine; the consent forms did not contain any reference to use of the Anulex Xclose band or that it would be implanted.  The Anulex Xclose band has not been approved by the Federal Food and Drug Administration ("FDA") for this particular use.

After his surgery, Mr. Lovison experienced increased pain in his back and legs which continues. On January 18, 2014, Mr. Lovison was released from active duty due to his medical condition; he had served for 16 years. Mr. Lovison, along with his wife, Darlene Lovison, and minor children, Kaylee Lovison and Tylor Lovison, (collectively "Plaintiffs") filed this case against Dr. Gleason and Defendant Norcentex Neocortex, PLLC ("Norcentex") in this Court on April 25, 2014 based on diversity jurisdiction. Plaintiffs assert state law claims of negligence and gross negligence against Dr. Gleason based on his failure to inform Mr. Lovison about the use of the Anulex Xclose band, failure to obtain Mr. Lovison's consent prior to implanting this product in his spine, and use of the Anulex Xclose band in a manner not approved of by the FDA. Plaintiffs allege Norcentex is liable for Dr. Gleason's conduct and actions under a theory of vicarious liability.

## II.   Summary Judgment Standard

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute of a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant, and all disputed facts resolved in favor of the nonmovant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322-25. Once the movant satisfies his burden, the nonmovant must present competent summary judgment evidence showing a genuine fact issue for trial exists. *Id.* at 321-25; *Anderson*, 477 U.S. at 255-57. To meet this burden, the nonmovant may not rest on the pleadings, but must designate specific facts in the record establishing a genuine issue of material fact exists. *Celotex*, 477 U.S. at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). The nonmovant may satisfy this burden by providing depositions, affidavits, and other competent evidence; not with "conclusory allegations, speculation, and unsubstantiated assertions." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence cannot defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-52; *Boudreaux*, 402 F.3d at 540. If the nonmovant fails to make a sufficient showing to prove the existence of an essential element to the case and on which the

nonmovant will bear the burden of proving at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322.

"Even if there is a dispute regarding some material facts, a movant may obtain summary judgment if he can prove there is no evidence to support one or more essential elements of the non-moving party's claim." *Walker v. Geithner*, 400 F. App'x 914, 916 (5th Cir. 2010)(per curium)(citing *Celotex*, 477 U.S. at 323-25). However, "[i]t is not sufficient to merely list the elements of the claims and state that there is no evidence to support the elements." *Seastruck v. Darwell Integrated Tech.*, Civ. No. 3:05-CV-0531-BF, 2008 WL 190316, at *3 (N.D. Tex. Jan. 22, 2008) (Stickney, M.J.). The movant must cite to the record to demonstrate a lack of evidence that supports the nonmovant's claims. *Id.*

### III. Application of the Law to the Facts

Based on the summary judgment record, the Court has already determined summary judgment is not appropriate as to Dr. Gleason on either the negligence claim or gross negligence claim. Therefore, the Court will address only the summary judgment argument as to Defendant Norcentex.

Defendant Norcentex contends summary judgment is appropriate on Plaintiffs' claims for negligence and gross negligence because there is no evidence supporting Plaintiffs' claims against it. Plaintiffs respond Defendant Norcentex is vicariously

liable for Dr. Gleason, its employee or agent, who was acting in the scope of his employment or agency at the time of the surgery. Defendant Norcentex replies that Plaintiffs did not allege vicarious liability in their Complaint, and they are not allowed to do so for the first time in their response to the summary judgment motion. Defendant Norcentex also contends that Plaintiffs did not show it is Dr. Gleason's employer so that it could be vicariously liable for his actions.

The Court first notes that Plaintiffs did raise vicarious liability in their Complaint, contrary to Defendants' assertions. (Pls. Complaint, Doc. No. 1, p. 3, Sec. IV "Principal/Agency".) But, even if vicarious liability had not been alleged in their Complaint, Plaintiffs would still be permitted to raise it in their response to the summary judgment motion. *See Smith v. Baptist Mem'l Hosp. Sys.*, 720 S.W.2d 618, 622-23 (Tex.App.—San Antonio 1986)(trial court could consider affirmative defense of ostensible agency even though it was raised for first time in response to summary judgment motion.) However, Plaintiffs must present sufficient summary judgment evidence to raise a genuine issue of material fact on each element of vicarious liability to avoid summary judgment. *See Brownleee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984).

Plaintiffs present no summary judgment argument or evidence that Defendant Norcentex itself is liable for negligence or gross negligence related to Mr. Lovison's

surgery. Vicarious liability is Plaintiffs' sole theory for Defendant Norcentex's liability. It is undisputed that Texas state law, as the forum state, applies to this case that is before this Court on diversity. Well established case law in Texas provides that "an employer is vicariously liable for the negligence of an agent or employee acting within the scope of his or her agency or employment, although the principal or employer has not personally committed a wrong." *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998). In these situations, liability is normally imposed because "the principal or employer has the right to control the means and methods of the agent or employee's work." *Id.* But an independent contractor has exclusive "control over the means and methods" of his work, so an "entity that hires the independent contractor is generally not vicariously liable for the tort or negligence of that person." *Id.* The Texas Supreme Court has emphasized that "the right to control remains the 'supreme test' for whether the master-servant relationship exists" so that vicarious liability applies. *Golden Spread Council, Inc. No. 562 of The Boy Scouts of Am. v. Akins*, 926 S.W.2d 287, 290 (Tex. 1996).

Plaintiffs have provided no evidence or even argument that Dr. Gleason is the employee or agent of Defendant Norcentex. Plaintiffs did submit evidence that Dr. Gleason formed Defendant Norcentex, a professional limited liability corporation, that he is the sole member, and that represents himself on his LinkedIn

page as "CEO and Neurosurgeon-In-Chief" of Defendant Norcentex. But none of that is evidence sufficient to create a genuine issue of material fact that Dr. Gleason was acting as an employee or agent of Defendant Norcentex at the time of Mr. Lovison's surgery or that Defendant Norcentex had the right to control and direct Dr. Gleason in performing Mr. Lovison's surgery. Dr. Gleason's formation of Defendant Norcentex, being its sole member and representing on LinkedIn that he is the "CEO and Neurosurgeon-In-Chief" does not make him an employee or agent. The Court would be required to speculate or to make that inference in order to find there is a material fact question as to vicarious liability.

The Court finds Plaintiffs did not meet their burden to present sufficient summary judgment evidence to raise a genuine issue of material fact on each element of vicarious liability in order to avoid summary judgment as to Defendant Norcentex. *See Brownleee*, 665 S.W.2d at 112. Therefore, summary judgment is appropriate on Plaintiffs' claims against Defendant Norcentex.

IV.   Conclusion

Plaintiffs failed to meet their burden to create a genuine issue of material fact as to the vicarious liability of Defendant Norcentex; therefore, the Court **grants** Defendants' motion for summary judgment as to Defendant Norcentex only. The Court concludes the summary judgment record raises genuine issues of material fact

as to Plaintiffs' claims against Defendant Dr. Gleason. The Court **denies** the motion for summary judgment as to Defendant Dr. Gleason.

**SO ORDERED.**

Signed July 5th, 2016.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE